CARRIE WHITNEY *vs*. BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   January 2, 1911. — March 1, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence*, Street railway, *Res ipsa loquitur*.   *Evidence*, Presumptions and burden of proof.

At the trial of an action against a corporation operating a street railway, for personal injuries caused by the side bar of an open electric car of the defendant, in which the plaintiff was a passenger, falling upon the plaintiff's shoulder, it

appeared that at the time of the accident the plaintiff was sitting at the left hand end of the front seat of the car, and that, as the car was leaving a subway to go out upon a surface track, the bar dropped and struck the plaintiff's shoulder. There was no question but that the plaintiff was in the exercise of due care. The plaintiff was the only witness on his side, and testified that he did not see the conductor or the motorman lower the bar or see any one else near it until he was struck by it. It appeared that it was the duty of the conductor and the motorman to lower the bar on the left hand side on every trip at about the place where the plaintiff said that the car was when the bar fell. The conductor and the motorman both testified for the defendant and disclaimed any knowledge of such an accident or such an occasion as the plaintiff described. *Held*, that there was no adequate explanation of the falling of the bar except through the act or neglect of the conductor or the motorman, or both, in causing or permitting it to fall, and that negligence on their part was a legitimate inference from the happening of the accident as described in the plaintiff's testimony, and would justify a finding that the defendant was liable.

TORT for personal injuries alleged to have been sustained by the plaintiff on August 10, 1909, by reason of the negligence of the defendant's servants in letting fall upon the plaintiff a side bar of an open car of the defendant in which the plaintiff was a passenger. Writ in the Municipal Court of the City of Boston, dated September 3, 1909.

On appeal to the Superior Court the case was tried before *Morton*, J., without a jury. At the close of the evidence, which is described in the opinion, the defendant asked the judge to rule that upon the evidence and the pleadings as matter of law the plaintiff was not entitled to a finding. The judge refused to make this ruling, and found for the plaintiff, assessing damages in the sum of $300. The defendant alleged exceptions.

The case was submitted on briefs.

*J. E. Hannigan*, for the defendant.

*J. J. Scott*, for the plaintiff.

KNOWLTON, C. J. The only question in this case is whether the evidence warranted a finding for the plaintiff. She testified that she was a passenger on one of the defendant's open cars, in the front seat at the left hand side of the car, and that, as the car was leaving the subway going southward and was going out near Pleasant Street, the bar on that side of the car, which had been up, was dropped down so that it struck her on her shoulder and injured her. There is no doubt, upon her testimony, that she was in the exercise of due care.

The defendant contends that her case was not made out, be-

cause she was the only witness on her side, and she testified that she did not see the conductor or motorman lower the bar, or see anybody else near it before she was struck by it. She was the only passenger. The conductor and motorman both testified, and although they disclaimed any knowledge of such an accident or occasion as the plaintiff described, it appeared that it was their duty to lower the bar on the left hand side of the car on every trip, at or about the place where the plaintiff said the car was when the bar struck her. There was no adequate explanation of its falling, except through the act or neglect of the conductor or motorman, or both, in permitting it to fall. They were in charge of it and it was their duty to lower it by a joint act. The fact that the plaintiff did not observe the conditions or see either of them do anything before she was struck does not prevent a legitimate inference from her testimony that the fall of the bar was produced by their agency, and that their conduct was negligent.

*Exceptions overruled.*