Ida S. Davies *vs.* Boston Elevated Railway Company.

Suffolk.    November 19, 1914.— February 24, 1915.

Present: Rugg, C. J., Loring, Braley, De Courcy, & Crosby, JJ.

*Negligence,* Street railway, *Res ipsa loquitur.*

Evidence, from which it can be inferred that the wooden pole supporting the hanging straps on one side of a street railway car having longitudinal seats broke under the strain put upon it by the sudden stopping of the car with a severe jerk when the car was crowded with passengers, so that either the pole or a man whose weight was supported by one of the straps fell on a woman passenger and injured her, warrants a finding that the pole was in a defective condition that rendered it unsafe for the purpose for which it was used and that the corporation operating the railway should have discovered and remedied this condition before subjecting the pole to so sudden and severe a strain.

TORT for personal injuries sustained by the plaintiff on October 25, 1911, when she was travelling as a passenger on a street railway car operated by the defendant. Writ dated January 22, 1913.

In the Superior Court the case was tried before *Lawton,* J. At the close of the evidence, which is described in the opinion, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*E. V. Grabill,* for the plaintiff.

*E. P. Saltonstall,* (*C. W. Blood* with him,) for the defendant.

DE COURCY, J. There was evidence tending to show the following facts. At the corner of Washington and Summer Streets in Boston, about five o'clock in the afternoon of October 25, 1911, the plaintiff became a passenger on an Ashmont and Milton car of the defendant. The seats extended longitudinally along each side of the car, and the plaintiff sat in the third place on the left as she entered. The car was crowded, and many passengers were standing. Directly in front of her stood a man, hanging on to one of the straps which were attached to a pole running along the car near the roof. Whenever the car came to a stop, it did so with a jerk, and there was a very severe one at the time of the accident.

The plaintiff was struck on the left side of her neck by a heavy weight, was knocked over into the lap of a woman who sat beside her, and was seriously injured. After the accident she noticed that the pole to which the straps were attached was broken, that the section of it over her head was completely gone, and in the bracket at the right of the space where that section had been there was a splinter about an inch long and an eighth or a quarter of an inch thick.

The plaintiff was not acquainted with any one on the car. On alighting she was accompanied by one Margaret Regan, who had heard a scream at the time of the accident, had observed the excitement in the car, and had noticed the indications of suffering on the plaintiff's face. This witness also corroborated the plaintiff's testimony that the conductor spoke to her (the plaintiff) twice. The witnesses called by the defendant at the trial did not include the conductor, nor any of the passengers.

We are of opinion that the evidence, with the reasonable in-

ferences therefrom, entitled the plaintiff to go to the jury on the first count. It tended to show that the pole broke under the strain put upon it by the stopping of the crowded car with a severe jerk and that either the pole, or the man whose weight was suspended from it, came down upon and injured the plaintiff. The jury would be warranted in concluding that the breaking of this appliance of the car under such circumstances, without any explanation to account therefor, was due to a defective condition which rendered it unsafe for the purpose for which it was being used. And they could find that the defendant should have discovered and remedied this condition before subjecting the pole to so sudden and severe a strain; and that its failure to do so constituted a breach of the duty which a common carrier owes to its passengers. The evidence offered by the defendant tended to show that no such accident was reported to it, and that a wooden strap hanger never had been known to break on one of its cars. But the weight of this testimony was for the jury. *Whitney* v. *Boston Elevated Railway,* 208 Mass. 115. *Golden* v. *Mannex,* 214 Mass. 502. *Callahan* v. *New England Telephone & Telegraph Co.* 216 Mass. 334.

*Exceptions sustained.*