*Municipal Court of the City of Boston*

No. 66701

GEORGE SABA

v.

JOHN KHOURI

(November 1—January 8, 1964)

*Present*: Adlow, C. J., Riley & Canavan, JJ.

Case tried to *Doherty, Sp. J.*

*Riley, J.* The writ in this case states it to be an action of *contract* and the finding by the

trial judge for the plaintiff in the sum of $7,800.00 is in *tort* for deceit. The defendant's answer consists of a general denial; the statute of frauds, and the statute of limitations.

The report which now brings this matter before us was claimed by the defendant and adopted by the trial judge, and purports to report his denial of the defendant's motion for a new trial.

There was no ruling of law requested or granted on the hearing on the motion for a new trial. In fact, there does not appear to have been any ruling of law requested by either side at any time during the trial of the case on the merits.

The defendant's sole contention before this division is that he pleaded in his answer among other defenses, the statute of limitations, and that the trial judge upon the evidence, failed to rule one way or another upon that issue. Admittedly, he did so plead, and by so doing, placed upon the plaintiff the burden of proceeding to establish as part of his case, that his action was properly brought within the statute of limitations.

The report simply recites that the plaintiff "had come to this country from Palestine about four years prior to the time in question,—namely, September, 1958" and then proceeds to recite the plaintiff's dealings with the defendant, which we must assume to be the dealings when the alleged deceit occurred. It also recites that the writ in this action dated *March* 1, 1962.

Beyond this evidence there is no finding or ruling by the trial judge as to whether these dates are correct, and as to whether or not the statute of limitations had run,—a fact which the plaintiff had the burden to establish even though it be a negative one.

■ It is the case tried, not the case pleaded, with which we are concerned.

The defendant's counsel at the close of the evidence of the trial might have saved a lot of trouble and cleared the atmosphere, by presenting to the trial judge a short and concise request for a ruling of law to the effect that the plaintiff had not sustained his burden by establishing that the action had been commenced within the time provided for by the statute of limitations. This he did not do and consequently, we have no ruling of law before us.

■ In the absence of any such ruling the report does not permit of recommittal to the trial judge for any action at this late date. He cannot now insert in the report any evidence that was never before him, nor act on any request not then before him.

The evidence set forth in the report does not appear to disclose any abuse of discretion by the trial judge. The fact that he may have believed some testimony and did not believe some other, is solely his province.

We believe no useful purpose could be served by remanding this report to the trial judge.

■ We are of opinion that the ends of

justice can be more properly and more speedily served by the ordering of a new trial. *Finding for the plaintiff vacated. New Trial ordered.*

■ Concurring opinion of *Adlow, C. J.* I agree that there should be a new trial.

This report comes before this court in a very unsatisfactory state. It is possible that there was evidence that would have warranted the findings, but there is no such evidence in the report. It is also true that the defendant did nothing to protect his rights both with respect to rulings of law and findings of fact. Under ordinary circumstances his failure to do this would preclude our intervention in these proceedings. However, we cannot ignore the obvious facts revealed by the report. On these facts the award of damages in the amount of $7,800 appears capricious and unwarranted.

The plaintiff claims to have been defrauded by the misrepresentations of the defendant, who was a broker, in the sale of a periodical store which the plaintiff purchased for $4,500. One year later the plaintiff sold the store for $5,500. In this action it was alleged that the defendant represented to the buyer at the time of the sale that this periodical store did a business of about $1,500 a week, and that the purchaser of said periodical store did not do any such business after he purchased it. There was no evidence whatever in this report to warrant a conclusion that the defendant had practiced any fraud on him, as there is no evidence with respect to the amount of

business actually done by the seller prior to the time the purchaser took over the business. The report is silent as to the exact date of the sale, but the intimation is that it happened about 1958. The writ was brought on March 1, 1962.

The defendant in addition to a general denial of the plaintiff's claim pleaded the statute of limitations. While the exact date of the purchase does not appear, yet from the writ it is quite apparent that over two years elapsed from the time of the purchase to the time that this action was commenced, and on this defense alone the court would have had no alternative except to find for the defendant. Keeping in mind that the plaintiff sold the store for $1,000 more than he paid for it, it is difficult to understand how the court arrived at a figure of $7,800 in determining the damages to which the plaintiff was entitled. Perhaps there were circumstances which sufficed to render the above facts immaterial. If there were such, they should have been brought out in the open. One thing is apparent—the rights of the defendant were not adequately protected by counsel for the defendant. Under ordinary circumstances one who retains a lawyer to represent him does so at his peril, but there is a duty on the court in superintending the administration of justice to protect parties from the obvious incompetence of men who as members of the bar are duty-bound to protect them. There are no vested rights

accruing to anyone from the failure of counsel to do what duty and justice require.

In my opinion to allow this finding to stand is to permit a gross miscarriage of justice, and there is an inherent power in this court to prevent such a result. *Tuttle v. Brown,* 10 Cush. 262, 264-265.

J. Sheffield Dow, of Boston, for the Plaintiff.

Malcolm M. Donahue, of Boston (who was not trial counsel) for the Defendant cited: *Mulligan v. Hilton,* 305 Mass. 5, 10-11 (Lummus, J. A leading case on effect of two types of statutes of limitation. Those barring the right and those barring only the remedy); *Miller v. Aldrich,* 202 Mass. 109, 113 (Defense of St. of Lim. must be by answer not demurrer); *Breen v. Burns,* 280 Mass. 222, 228) (". . . when . . . it is pleaded, the burden is cast upon the plaintiff of proving that the action was commenced within the time limited"). An "abuse of discretion" has been defined as judicial action "that no concientious judge, acting intelligently could have taken". *Statkus v. Metropolitan Transit Authority,* 335 Mass. 172, 174. The exercise of discretion by a trial judge is subject to appellate review when "a question ordinarily discretionary is so clear that discretion is superseded by an imperative legal duty". *Bartley v. Phillips,* 317 Mass. 35, 44 (Excellent opinion by Lummus, J. on matters relating to new trials).