*Report dismissed.*

Elliott I. Mishara, of Boston, for the Plaintiff.
Milton H. Raffel, of Boston, for the Defendant.

*Municipal Court of the City of Boston*
No. 86948
**ROBERT M. SCHRAEDER**
v.
**ASSEMBLED HOMES, INC.**
(April 10—May 7, 1964)

*Present*: Adlow, C. J., Gillen & Lewiton, JJ.
Case tried to *Chayet, Sp. J.*

*Lewiton, J.* This case illustrates the difficulties created by noncompliance with the rules of this court with respect to reports of questions of law to the Appellate Division (see Rules of the Municipal Court of the City of Boston (1952)—Rules 30-32.) Those rules prescribe the content and form of reports by which rulings by a trial judge may be brought to the Appellate Division for review. Appended to the Rules is a "Draft Report Model" which illustrates very clearly the application of the rules. (See Rules of the Municipal Court of the City of Boston (1952), pp. 45-47).

In essence, the report should contain a clear and concise statement of so much of the evidence as may be necessary to present the questions of law reported.

On the other hand evidence, pleadings or other documents which are not material to the questions raised should not be

permitted needlessly to encumber and complicate the report. *Vengrow v. Grimes,* 274 Mass. 278, 289; *Posell v. Herscovitz,* 237 Mass. 513, 516.

This report contains much material which is wholly irrelevant to the questions of law sought to be reviewed. On the other hand, the presence of this irrelevant material appears to have obscured the fact that the report lacks other matter which is necessary for a proper understanding of the issues raised.

This is an action of contract in which the plaintiff seeks to recover for "work, labor and services" performed under a specific contract, and for additional services performed on "extras". The defendant claims that the trial judge erred in denying defendant's requested ruling No. 22, to the effect that a certain receipt which had been introduced in evidence, could not be construel to apply to the "extra work" for which recovery was sought by the plaintiff. On its face, the receipt appears to be unrelated to the "extra work". The report fails to include any information as to the origin of the receipt, the circumstances surrounding its execution and delivery, or any other information whereby its relationship, if any, to the "extra work" could be determined. If the report, as it states, "contains all the evidence material to the questions reported", the ruling on request No. 22 was erroneous, and a new trial must be ordered. In oral argument before this Division, it was suggested that there was in

fact additional evidence at the trial connecting the receipt with the "extra work", and we were urged to sustain the finding for the plaintiff on this basis.

██ The short answer to this suggestion is that we are bound by the contents of the report, and may not consider matters of evidence not set forth or summarized therein. *Furbush v. Connolly,* 318 Mass. 511, 512; *Staples v. Collins,* 321 Mass. 449, 452; *Barnes v. Springfield,* 268 Mass. 497, 504.

██ This leads us to another comment. There appears to be a misconception among some members of the Bar to the effect that the entire responsibility for the adequacy of a report to the Appellate Division rests solely on the aggrieved party and the trial judge. This is not true. The prevailing party has a responsibility, if a ruling and finding made in his favor is to be sustained on review, to take appropriate steps to insure that the report contains a summary of all the evidence and circumstances which were present at the trial and which tend to sustain the correctness of the action by the trial court, or to show that any error was non-prejudicial. Since the rules provide for hearings on draft reports, each of the parties has an opportunity to see to it that the report, as ultimately settled, adequately and properly sets forth the issues involved. Cf. *Herson's Case,* 341 Mass. 402, 408.

On the report, it appears that there was error in the denial of defendant's request

No. 22, and a new trial must be ordered. That being so, there is no occasion for us to consider whether additional error was committed by the trial court in denying the defendant's motion for a new trial and in failing to correct an inconsistency between the court's granting of defendant's requested ruling No. 1 and the finding for the plaintiff.

*New trial ordered.*

Manuel Z. Sherman and Jerome Weinberg, both of Boston, for the Plaintiff.

William W. Owens, Jr., of Boston, for the Defendant.