*Northern District*
No. 6355

**ABBOTT EQUIPMENT COMPANY, INC.**

**v.**

**WILLIAM A. FLODSTROM, ET AL**

SEE: DANGEL'S DEFENCES TO LAW
ACTIONS, § 144 *et seq.*

*Present:* Brooks, P.J., Connolly, Yesley, J.J.

Case tried to *Feloney, J.* in the Third District Court of Eastern Middlesex   No. 1064 of 1966

*Connolly, J.   This action of contract* is before this Division on appeal by the defendants who claim to be aggrieved by:

(1) The disallowance by the trial court of a plea in abatement filed by the defendants;

(2) The denial by the trial court of a motion of the defendants for a finding for them;

(3) The allowance by the trial court of a motion of the plaintiff to amend its declaration and the denial by the court of any time to the defendants to file further pleadings before proceeding with trial;

(4) The denial by the trial court of a motion for a mistrial filed by the defendants and based on the denial by the court of any time to them to file further pleadings before proceeding with the trial, and

(5) The denial by the trial court of certain requests for rulings of law filed by the defendants.

█ The plea in abatement was based on the allegation that there was then pending in the Middlesex Superior Court an action between the same parties for the same cause.

A copy of the Superior Court writ was attached to the plea. The writ was dated February 11, 1966, had an ad damnum of $5000.00, and stated that the action was one of contract for money due under a contract in writing. The writ in the present case was a common writ of the Third District Court of Eastern Middlesex, dated March 14, 1966, returnable March 28, 1966 and stated that the action was one of contract for money due under a contract

in writing. No reference is made in the report to the declarations in the cases. A hearing on the plea in abatement was held on April 1, 1966 and on April 4, 1966, it was disallowed.

While we agree with the defendants that it was rather unusual that the plaintiff had two separate and distinct actions of contract against the defendants for money due under a contract in writing, we cannot deny the possibility of such a coincidence. There is nothing in the report to indicate the court was not justified in its action in disallowing the plea in abatement.

■ The second, third and fourth grievances of appeal relate to the allowance of a motion by the plaintiff to amend its declaration. The motion was made after trial had begun. Neither the original or amended declaration is before us. From the report, we gather that the original declaration did not comply with the closing sentence in *G.L. c. 231, § 7, Fourth:* ''Two causes of action arising on different contracts shall not be embraced in one count except in a count on an account annexed.'' It would appear that several separate and distinct contracts between the parties were embraced in the one count of the original declaration. This one count was not on an account annexed.

Because the declaration alleged to be defective was later amended and presumably corrected by the amendment, the denial of the de-

fendant's motion for a finding for them on the declaration was not prejudicial error.

The plaintiff rested its case on June 6, 1966 and the trial recessed to resume on June 13, 1966. On June 9, 1966, the plaintiff's attorney notified the defendant's attorney of his intention to present on June 13, 1966 a motion to amend the declaration, and sent him a copy of the proposed amendment. On June 13, 1966, the motion was presented to the court. The court allowed the amendment. Defendants objected to the court's allowance of the motion to amend the declaration without giving the defendants any time to prepare and file further pleadings, in accordance with the District Court Rules.

The court denied defendants' request for any time in which to file further pleadings and ordered the trial of the case to proceed forthwith, namely June 13, 1966, and the trial was completed on said date.

The defendants immediately filed a written motion for a mistrial, based on the court's allowance of the plaintiff's motion to file an amended declaration and order that the trial proceed forthwith. This motion for mistrial was denied.

As we pointed out earlier, we do not have the amended or original declarations before us. We recognize the rule that so far as the question is one of fact, the allowance of the amendment is conclusive of the question as to whether the amendment enabled the plaintiff to sustain the

cause of action intended, and the allowance of such an amendment is within the discretion of the trial judge. *G.L. c. 231, § 138; Schertzer* v. *Somerville,* 345 Mass. 747. The defendants do not argue that the allowance of the amendment was an abuse of discretion or was not one that would enable the plaintiff to sustain the cause of action intended. The contention of the defendant that the trial judge was in error in relation to the amendment, appears to be based on the denial of the trial judge to the defendants of additional time to file further pleadings.

Again, we are faced with a matter of discretion in the trial judge. He apparently felt that the three days notice which the defendants received of the proposed amendment was sufficient time to prepare additional pleadings. We do not have either declaration before us nor do we have any suggestion as to what further pleadings the defendants desired to file. There is no evidence that the trial judge abused his discretion.

In their brief, the defendants state that if the Division finds that the trial judge acted properly in allowing the plaintiff to amend its declaration, then the defendants do not argue the action of the court as to their requests for rulings, number 1 to 7 inclusive. This leaves only request number 8 for consideration which reads:

> "There is no evidence in this case of fair value and, therefore, there should be a finding for the defendants."

The ruling by the trial judge on this request was as follows:

"Denied as inapplicable to findings for plaintiff on counts 1, 2, 5 and 6 which are based on specific contracts."

From the report, we deduce that the original declaration was based on two separate written contracts which were attached to the declaration. The amended declaration contained 8 counts. The two contracts referred to in the original declaration were set out in separate counts in the amended declaration. In his ruling on the request in question, the trial judge stated that the findings for the plaintiff were under counts in the amended declaration which were based on specific contracts. There is nothing in the report to indicate that "fair value" was an issue in the case.

The defendants contend that because the trial judge denied the request "as inapplicable to findings for plaintiff" without stating the facts found or the facts recited which he did not find, he was in error. *District Court Rule 27* (1966); *Mericantante* v. *Boston & Maine Railroad*, 291 Mass. 261.

But Rule 27 and the case law on this point refer to requests which are based on facts. If a trial judge denies such a request because he does not find the facts on which it is based, the party making the request is entitled to know what facts the trial judge did or did not find relevant to the request.

In this case, the "findings" referred to in

the statement of the trial judge denying the request in question were general findings for the plaintiff and not findings of fact. Indeed, no findings of fact were involved in the request. The reason given by the trial judge for refusing the request was explicit and did not require any amplification.

█ The Appellate Division is limited in its consideration of an appealed case to what is contained in the report and docket entries. A party who seeks redress in the Division must see that the report describes not only the ruling or rulings of the trial judge he contends are in error, but in addition, all the facts essential to a full understanding of the questions presented. *Posell* v. *Herscovitz*, 237 Mass. 513 at 516-517; *Vengrow* v. *Grimes*, 274 Mass. 278, 279.

There being no prejudicial error revealed by the report, the report is dismissed.

ROBERT W. HARRINGTON
   for the plaintiff
JACOB STONE
   for the defendant