*Western District*

No. 181317

**B. D. NIMS LUMBER CO.**

**v.**

**PAUL E. PHETTERPLACE,**
**d/b/a VIKING BUILDERS**

Argued: April 18, 1968 Decided June 7, 1968

*Present:* Garvey, P. J., G. Moore and Allen J. J.

Tried to: *Walsh, J.* in the District Court of Springfield. No. 181317

*Moore, J.* This is an action of contract to recover for goods sold and delivered by the plaintiff to the defendant. The declaration was as follows:

> "Count I. The plaintiff says the defendant owes it the sum of two thousand,

three hundred thirty five and 94/100 ($2,335.94) dollars for goods sold and delivered according to the Account Annexed hereto marked Exhibit A together with costs."

The trial court found for the plaintiff in the sum of $2,335.94, the amount set forth in the declaration.

The report states the pleadings and certain ledger sheets are incorporated in the report by reference. However, no copies of the pleadings or of the ledger sheets were annexed to the report, nor was there any permission given by the Appellate Division for their incorporation simply by reference. See *Rule 28 of the Rules of District Courts of the Commonwealth (1965)*.

Sitting in review, this court has no knowledge from the report of what the account annexed marked "Exhibit A" stated nor what was shown on the ledger cards. Rule 28 of the District Courts (1965) sets forth "that a draft report shall follow generally as fully as may be the model printed at the end of this rule". This model sets forth "that the report shall include, by incorporation and not merely by reference, all matter necessary to present questions of law reported".

The report does, however, indicate that in general the ledger sheets simply set forth dates, invoice numbers and amounts from which we can only infer that there was no evidence as

to what was sold and delivered or as to whether the price was fair and reasonable, there being no evidence as to what items of merchandise were involved. *See: Eastman* v. *Stedman,* 269 Mass. 250. We do not think that G.L. c. 233, § 78 is of any assistance to the plaintiff because in this instant case, there is nothing in the report that indicates what the goods were that were alleged to have been sold and delivered to the defendant. The ledger cards may have been made in the regular course of business, but that does not supply the missing facts as to what were the "goods".

The defendant filed ten requests for rulings of law based principally on the contention that the plaintiff had failed to establish his case and that there was not sufficient evidence to warrant a finding for the plaintiff as a matter of law. With this contention, we agree and feel that the failure of the trial judge to allow the defendant's requests for rulings No. 3 and 4 constituted prejudicial error.

For this reason and the further reason that the report does not conform to the Rules of the District Courts, we feel that, rather than ordering judgment for the defendant under authority of G.L. c. 231, § 110 or recommitting the report to the trial justice under *Rule 28 of the District Courts,* the ends of justice will be better served by vacating the finding for the plaintiff and the ordering of a new trial. G.L. c. 231, § 108. See: *N.E. Tel. & Tel. Co.* v. *H.*

*Cohen & Company, Inc.,* 30 Mass. App. Dec. 3.
Also, *Saba* v. *Khouri,* 27 Mass. App. Dec. 139.

**Finding for Plaintiff vacated. New trial ordered.**

MAURICE H. BAITLER,

of Springfield, Attorney for the Plaintiff.

LOUIS KERLINSKY,

of Springfield, Attorney for defendant.