*Northern District*

No. 7748

**ANTHONY P. GENTILE**

**v.**

**RENT CONTROL BOARD OF SOMERVILLE AND JAMES ALBANESE**

Argued: April 13, 1972 - Decided: June 7, 1972

*Present:* Parker, P.J., Durkin, Mason, J.J.

Case tried to *Kingston, Jr.*, in the District Court of Somerville, No. 17523 of 1971.

**Parker, P.J.** The respondent Albanese, secured from the respondent Rent Control Board, a certificate of eviction issued by the Board after notice under §9(b) of Chapter 842 of the Acts of 1970. Subsequent to the issuance of this certificate, the petitioner Anthony P. Gentile (tenant), filed this petition for review of the action of the Board in granting the certificate on the grounds that it was issued because of

slow payments of rent by the tenant and because it was granted without a hearing by the Board. The landlord (Albanese) was also made a party respondent.

St. 1970, c. 842, §10 provides for "Judicial Review". Under paragraph (a) of said section it is provided that any person who is aggrieved by any action, regulation or order of the Board may file a *complaint* against the Board in a District Court within the territorial jurisdiction of which is located the controlled rental unit affected by such action, regulation or order. Then follows direction as to order of notice not relevant to this case.

While it may be said that the provisions of Chapter 842 do not authorize a petition for review, such a petition is a "complaint" and will be so considered by the court in this case. The petition was filed in the Somerville District Court and from the report the petitioner's apartment was rent controlled within the territorial jurisdiction of that court.

There was evidence upon which it could be found that the petitioner was slow in his payments and that the certificate of eviction was issued without a hearing.

The parties seasonably filed requests for rulings. Some of the petitioner's requests were denied, some granted, while the respondents' requests were deemed waived in view of the courts finding for the respondents. The peti-

tioner has appealed this finding and the denial of his requests for rulings.

At the very threshold of this court's consideration of this case, is the question of its jurisdiction to pass upon the appeal. The briefs of the parties make no issue of this. However, it is the duty of this court to consider this issue on its own motion. *Warner* v. *Mayor of Taunton,* 253 Mass. 116, 118 and cases therein cited.

§10(a) of said Chapter 842 provides that any person aggrieved by any action, regulation or order of the Board may file a complaint in the District Court and "Such district court shall have exclusive original jurisdiction over such proceedings and shall be authorized to take such action with respect thereto as is provided in the case of the surperior court under the provisions of chapter two hundred and thirty-one A of the General laws, except that section three of said chapter two hundred and thirty-one A shall not apply." This sentence of §10(a) of Chapter 842 gives original jurisdiction solely to the District Court. Under its terms a party aggrieved is required to bring his complaint in the District Court exclusively. He is compelled to bring his action and the respondent-defendant or other party must meet him there. There is no provision in §10 whereby such respondent-defendant or other party may remove the case to the Superior Court.

The last sentence of said §10(a) reads as follows: —."All orders, judgments and decrees

of such district court may be appealed as is provided in the case of a civil action in such district court.''

Previous to 30 September 1922 when §108 of G.L. c. 231 became effective, all civil appeals from the District Court were to the Superior Court. After the effective date of Section 108, Section 103 of Chapter 231 provided that a party who brought an action in the District Court which might have been begun in the Superior Court, such party shall be deemed to waive his right of appeal to the Superior Court. §104 of said Chapter 231 provides that in lieu of the right of appeal any other party (than the party who brought the action in the District Court) may remove the same to the Superior Court within certain time limits. On the basis of those two Sections, Chapter 251, Section 108, third paragraph provides that a party aggrieved by any ruling on a matter of law by a single justice may as of right have the ruling reported for determination of the Appellate Division. Section 97 of G.L. c. 231 provides that unless a written waiver of the right of appeal has been filed by all the parties, a party aggrieved by the judgment of a District Court in a civil action which could not have been removed to the Superior Court may appeal therefrom to the Superior Court, within certain time limits. *Donnelly* v. *Montague*, 303 Mass. 14, 16.

In the case at bar by the provisions of St.

1970, c. 842, §10(a) the District Court is given exclusive original jurisdiction in the case of a judicial review of an action of the Board. The petitioner by that statute is compelled to bring his action in the District Court. Further, Chapter 842 provides no right of removal to the Superior Court. The parties are, therefore, compelled to submit the case to the exclusive original jurisdiction of the District Court and there can be no waiver on the part of the Petitioner of the right to remove to the Superior Court. Therefore, the appeal is not to this Division but to the Superior Court under G.L. c. 231, §97. *Lynn Gas Co.* v. *Creditors Nat. Clearing House,* 235 Mass. 114, 118. *Hopkinton* v. *B. F. Sturtevant Co.,* 285 Mass. 272, 275. *Donnelly* v. *Montague,* 303 Mass. 14, 16. *Mancini* v. *Columbus Auto Body, Inc.,* 1971 Adv. Sheets 947, 948.

The provisions of G.L. c. 231A (entitled, Procedure for Declaratory Judgment) referred to in the second sentence of §10(a) of Chapter 842 does not give jurisdiction. G.L. c. 231A is a procedural Act and was not intended to enlarge jurisdiction. *Worcester County National Bank* v. *Commissioner of Banks,* 340 Mass. 695, 696-97. *Executive Air Service, Inc.* v. *Division of Fisheries and Game,* 342 Mass. 356, 357-58.

Further, G.L. c. 231A does not expand the jurisdiction of the courts upon which it confers power to render declaratory decrees; the stat-

ute makes it clear that the power is conferred on the courts within their respective jurisdictions. *Sisters of Holy Cross of Massachusetts* v. *Brookline,* 347 Mass. 486, 491.

G.L. c. 231A was not intended to enlarge substantive as opposed to procedural rights. No relief can be given under Chapter 231A in view of the specific statutory remedies given under Chapter 231A in view of the specific statutory remedies given under G.L. c. 231, §§ 108, 104, 103 and 97. *Second Church in Dorchester* v. *Boston,* 343 Mass. 477, 478 and 479.

St. 1970, c. 842, §8(a) provides that the Board shall consider an adjustment of rent for an individual controlled rental unit upon receipt of a Petition for adjustment filed by the landlord or the tenant or upon its own initiative. After notice, as provided in this section, the Board shall hold a hearing. By paragraph (d) of § 8 it is provided that "Hearings required by paragraph (a) shall be conducted in accordance with the provisions of Section eleven of Chapter 30A of the General Laws except that requirements (7) and (8) of said section shall not apply to such hearings".

In the case at bar, it would appear that this proision of Chapter 842 is irrelevant to the proceeding complained of. What is complained of is the action of the Board in refusing to grant a hearing before issuing an eviction certificate. This was not a hearing on an ad-

justment of rent. Even if a hearing is to be conducted under G.L. c. 30A, §11, that section only relates to the conduct of proceedings at the hearing. It makes no reference to appeals from a hearing.

We are of the opinion that this is a civil action and that the appeal as provided for this civil action from the District Court is to the Superior Court and that this Division has no jurisdiction to hear this appeal. **The report will be dismissed.**

JOHN L. MASON, JR.
 for Petitioners
ANDREW E. BRAM
ROBERT McSWEENEY
 for Respondents