*Municipal Court of the*
*City of Boston*
No. 266301

**MORRIS PLAN BANK AND BANKING COMPANY OF CHELSEA**

v.

**MICHAEL CARUANA, et al.**

Argued: Jan. 18, 1974 - Decided: Mar. 20, 1974

*Present*: Lewiton, C.J., Canavan, DeGuglielmo, JJ.

Case tried to *Glynn, J.*

**Lewiton, C.J.** In this action of contract, in which the plaintiff seeks to recover for amounts allegedly due on certain negotiable promissory notes, the decisive issues are (a) whether the plaintiff was entitled to a requested ruling that it had sustained its burden of proving that the notes in question were signed by the defendant Michael Caruana ("defendant"),[1] and (b) whether the evidence warranted a finding for the plaintiff.

The defendant's answer contained, among other defenses, a general denial, and a denial of genuineness of the signatures with a special

---

[1] Another defendant had been defaulted before trial.

demand for proof thereof, under G.L. c. 231, § 29.

**At the trial the plaintiff offered evidence as to the balances due on said notes, and attorneys' fees due thereunder.** The plaintiff then introduced into evidence each of the notes in question and the applications for the loans for which the notes were issued. On each application, and on each note, in the area where the signature of the maker is intended to be placed, appeared the purported signature of "michael Caruana". There was evidence that the person purporting to have witnessed the signatures on the notes was still in the employ of the plaintiff at the time of trial but he did not appear or testify at the trial. After introducing the applications for the loans and the notes the plaintiff rested. The defendant rested without introducing any evidence.

At the close of the evidence, the plaintiff made the following requests for rulings which were acted upon by the trial justice as indicated below:

> "1. As a matter of law the evidence warrants a finding for the plaintiff. *Denied, see findings.*
>
> "2. As a matter of law the plaintiff has sustained the burden of proving that the defendant signed the notes which are the basis for this action. *Denied, see findings.*

"3. As a matter of law the plaintiff having introduced the notes in evidence the burden is upon the defendant to prove that he did not sign said notes. *Denied.*"

The court found for the defendant after making the following specific findings:

"I find the plaintiff declared on written instruments and in his answer the defendant challenged the genuineness of the signatures of the defendant, Michael Caruana, and called upon the plaintiff to prove the same in accordance with Chapter 231, Section 29 of the General Laws as amended. The plaintiff in its presentation of its evidence failed to offer any such evidence and failed to prove genuineness of the signatures of the defendant, Michael Caruana, on the notes."

The plaintiff had, by introducing the notes in evidence, sustained its burden of proving the genuineness of the defendant's signatures on them.

Section 3-307 of the Uniform Commercial Code (G.L. c. 106) provides as follows: "(1) Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue (a) the burden of establishing it is on the party claiming under the signature; but (b) the signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer

who has died or become incompetent before proof is required. (2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

Upon the admission in evidence of the notes here in issue, the "presumption of validity of the signatures thus became operative and, in the absence of evidence to the contrary, required a finding for the plaintiff". *Union National Bank* v. *Cannato,* 350 Mass. 758; *See Epstein* v. *Boston Housing Authority,* 317 Mass. 297, 302-3.

In his argument before us, the defendant sought to distinguish the *Union National Bank* case on the ground that the notes were there introduced in evidence without objection on the part of the person alleged to have signed them, whereas in the instant case, he argued, the notes were introduced into evidence over the objection of the defendant. A simple answer to this contention is that the report before us contains no reference whatever to any objection by the defendant to the introduction of the notes. We may not consider any alleged facts which do not appear in the report. *See Gaston Electric Co.* v. *American Construction Co., Inc.,* 336 Mass. 454, 456; *Vengrow* v. *Grimes,* 274 Mass. 278, 279; *Commonwealth* v. *Richardson,* 354 Mass. 773. Moreover, even if it were conceded that defendant had objected to the introduction of the notes, there is no in-

dication in the report that he took any action to preserve his right to a review of the rulings admitting the notes in evidence. In this posture of the matter, the evidence so admitted must be accorded its proper probative value, as if there had been no objection. *Commonwealth* v. *Theberge,* 330 Mass. 520, 527; *Ventromile* v. *Malden Electric Co.,* 317 Mass. 132, 135; *Mahoney* v. *Harley Private Hospital, Inc.,* 279 Mass. 96, 100.

Since the defendant offered no evidence to rebut the presumption of genuineness created by G.L. c. 106, § 3-307, the plaintiff was entitled to the requested ruling in its favor on that issue. The trial court should then have considered the remaining evidence and made findings as to the amounts owing from the defendant to the plaintiff on the notes.

The finding for the defendant is vacated and a new trial is ordered.

**Finding for the defendant is vacated. New trial ordered.**

RUBIN E. GARBER & PAUL WILLIAM GARBER
for the Plaintiff
EDMUND M. HURLEY &
CHARLOTTE ANNE PERRETA
for the Defendant