Donald **BLACK**

vs.

**Charles M. HAAR, individually and as trustee of SEDGWICK REALTY TRUST, and Susan E. HAAR**

No. 8742

District Court Appellate Division, Northern District Trial Court of the Commonwealth of Massachusetts **June 16, 1982**

Jonathan J. Margolis, Esq., counsel for plaintiff.
Walter H. McLaughlin, Jr., Esq., counsel for defendant.

## OPINION

**Cowdrey, P.J.** The plaintiff-tenant instituted this action pursuant to G.L. c. 93A and Chapter 36 of the Acts of 1976, and in tort, to recover damages for rent charged and collected by the defendant lessor in excess of the maximum rent ceiling imposed by the Cambridge Rent Control Board for premises leased by the plaintiff.

It may be inferred from the docket that judgment was entered for the plaintiff in the sum of $7,240.00.

The defendant Charles M. Haar claims to be aggrieved on this appeal by: (1) the trial court's disposition of defendant's request for ruling number 3; and (2) an alleged inconsistency between such disposition and the court's subsidiary findings of fact.

We conclude from our examination of the report and the parties' written briefs that there exists no practical or jurisdictional basis for any review by this Division of the trial court proceedings herein. The report must, therefore, be dismissed.

1. The defendant has failed to discharge his obligation, as appellant, to insure that the report constitutes an accurate and complete recital of all matters pertinent to appellate review by this Division. **Altshuler v. Field,** 336 Mass. 756, 761-762 (1958); **Keeney v. Ciborowski,** 304 Mass. 371, 374 (1939); **Megizsky v. Salen,** 40 Mass. App. Dec. 35, 40 (1968). The nature and scope of an appellant's obligation vis-a-vis the report is defined by Dist./Mun. Cts. R. Civ. P. 64(c)(2), which mandates that:

> "The draft report shall state the issues raised by the pleadings, shall set forth in clear and concise terms the rulings which the party seeking the report has requested . . . and any other facts essential to a full understanding of the questions presented. A written decision or finding and any special findings of fact by the trial justice shall be included in all draft reports, and copies of the complaint or any pleading necessary for the understanding or decision of the questions shall be annexed to or incorporated in the draft report. Papers on file in the case may not be incorporated by reference except by permission of the appellate division."

Certain omissions or irregularities in a report may prove fatal to an aggrieved party's efforts to secure appellate review, for this Division is "bound by the contents of the report and may not consider matters of evidence not set forth or summarized therein." **Schraeder v. Assembled Homes, Inc.,** 28 Mass. App. Dec. 195, 198 (1964). See also, **Morris Plan Bank & Banking Co. of Chelsea v. Caruana,** 54 Mass. App. Dec. 8, 12 (1974) and cases cited.

The defendant's appeal herein is predicated on a charge of error both in the trial court's disposition of his request for ruling number 3 and in an alleged inconsistency between this disposition and the court's subsidiary findings. Neither request 3 nor the trial court's findings are,

however, set forth in the report **sub judice.** Inclusion in the report of requested rulings and judicial findings is a logical prerequisite to any review thereof, **Abbott Equip. Co. v. Flodstrom,** 37 Mass. App. Dec. 90, 97 (1967); for we obviously cannot review what is not presented to us. **Fiorino v. Worcester Polytechnic Institute,** Mass. App. Div. Adv. Sh. (1981) 47, 48.

The defendant has also failed to summarize in, or annex to, the report the plaintiff's complaint; the defendants' answer; the trial court's written memorandum of decision; a declaration of trust and other documents essential to a valid and comprehensive review of the instant action. A mere reference in the report to these pleadings and exhibits was insufficient to place them properly before this Division. As noted above, Rule 64(c)(2) dictates that papers on file in a case may not be incorporated by reference into the report absent the special permission of the Appellate Division. **Lopes v. A. Pontes & Sons Construc., Inc.,** Mass. App. Div. Adv. Sh. (1981) 199, 200-201; **Gidwanni v. Wasserman,** 58 Mass. App. Dec. 162, 165 (1976); **Meyer v. Hooker,** 51 Mass. App. Dec. 142, 146 (1973); **B. D. Nims Lumber Co. v. Phetterplace,** 40 Mass. App. Dec. 45, 47 (1968). The defendant herein did not request such permission.

Given the critical deficiencies of the report at issue, there is nothing before this Division which may be reviewed in depth and upon which the defendant's charge of trial court error can be evaluated. Where the contents of a report fail to disclose any prejudicial error to the appellant, the report must be dismissed. **Carr v. McDonough,** Mass. App. Div. Adv. Sh. (1979) 246, 252; **Blackstone Nursing Home, Inc. v. P & H. Leasing Co.,** 48 Mass. App. Dec. 58, 64-65 (1972); **Parsons, Friedman & Central, Inc. v. Daniels,** 37 Mass. App. Dec. 121, 123 (1967).

2. Although the substance of the trial court's ultimate finding for the plaintiff is not disclosed in the report, we conclude from the parties' written briefs and oral

argument that the primary issue posed by the defendant for appellate consideration is the propriety of the trial court's construction and application of the Cambridge Rent Control Act, Chapter 36 of the Acts of 1976. Accordingly, the report must be dismissed on the grounds that this Division is not empowered to review proceedings instituted pursuant to Chapter 36.

Section 10(a) of Chapter 36 provides that:

"Any person who is aggrieved by any action, regulation or order of the board may file a complaint against the board in the Third District Court of Eastern Middlesex . . . Said district court shall have exclusive original juridsiction over such proceedings . . . All orders, judgments and decrees of said district court may be appealed as is provided in the case of a civil action in said district court."

It is well established, on the basis of such statutory provision, that an appeal of an action commenced against a rent control board to test the validity of an order thereof is properly instituted only in the Superior Court Department. **Gentile v. Rent Control Board of Somerville,** 365 Mass. 343, 346, n.3 (1974). The Appellate Division has no authority to entertain such an appeal. **Gentile v. Rent Control Board of Somerville,** 48 Mass. App. Dec. 199, 206 (1972); **Black v. Zuker,** 48 Mass. App. Dec. 156, 167-168 (1971).

The defendant's attempted characterization of this appeal as one merely to test the applicability, rather than one actually to apply, the Cambridge Rent Control Act does not remove this case from the above jurisdictional rule. Counts 4, 5 and 6 of the plaintiff's complaint sought recovery for rents unlawfully charged and collected by the defendant in excess of the maximum rent ceiling imposed by the Cambridge Rent Control Board for the plaintiff's rental unit. The plaintiff's action was thus initiated pursuant to Section 11(a) of Chapter 36 of the Acts of 1976, which provides that:

"Any person who demands, accepts, receives or retains any payment of rent in excess of the maximum lawful rent, in violation of the provisions of this act or any regulation or order hereunder promulgated shall be liable as hereinafter provided to the person from whom such payment is demanded, accepted, received or retained . . ."

The plaintiff's individual right to pursue a Section 11 civil action against the defendant landlord to recover rent control overcharges is purely the creature of statute. **Nayor v. Rent Board of Town of Brookline,** 334 Mass. 132, 135 (1956). Said statute designates, in Section 10(b) thereof, that the "Third District Court of Eastern Middlesex shall have the exclusive original jurisdiction over actions arising out of the provisions of section eleven."

As the Cambridge Division is vested with exclusive jurisdiction in Chapter 36 proceedings, the plaintiff's action herein was commenced in the District Court Department by statutory mandate rather than individual election. It is axiomatic that there is no right of appeal to the Appellate Division pursuant to G.L. c. 231, s. 108 in any action which could not have been initiated in the Superior Court Department, and which is thus brought by compulsion rather than election in a district court. **Donnelly v. Montague,** 305 Mass. 14 (1940); **Moulton v. Brookline Rent Control Board,** Mass. App. Div. Adv. Sh. (1981) 8, 9; **Landrum v. Commonwealth,** Mass. App. Div. Adv. Sh. (1981) 6, 7; **Bickford v. Pisani,** 58 Mass. App. Dec. 116, 117 (1976); **Klein v. Chapman,** 22 Mass APP. Dec. 8,

Report dismissed.

Elliott T. Cowdrey, P.J.
James B. Tiffany, J
H. Laurence Jodrey, J.

This certifies that this is the opinion of the Appellate Division in this cause.

**Charles R. Jannino, Clerk
Clerk, Appellate Division**