Hurley, J.
This is an appeal by Otis Elevator Company (Otis) from a finding against the defendants in the plaintiffs action for personal injuries against Massachusetts Bay Transportation Authority (MBTA) suffered in a fall on an *143 escalator owned by MBTA and maintained by Otis.
The issues presented in this court are the property of the trial court’s denial of Otis’ Requests for Rulings numbered one through six and the denial of Otis’ Motion in Limine.
The facts found were that the plaintiff, an office employee in Boston, was on her usual route to work which included passage on MBTA’s escalator from Park Street Under Station to Tremont Street just outside of Brigham’s. This escalator is referred to by MBTA and Otis as Park Street Four. The escalator is owned by MBTA and maintained under a contract by Otis. As the plaintiff was ascending the escalator, the rubber covering the handrail came loose from its moorings causing several passengers in front of the plaintiff to fall backward in a domino effect carrying the plaintiff with them. As the plaintiff fell backward, her right foot caught in the escalator track resulting in injuries to her legs and feet.
Plaintiff was transported to a hospital where she was treated and released. She treated with her own physician on three further occasions. Plaintiff wears a special shoe and stocking on her injured leg.
During the trial, Dr. Krisiukenas testified that the plaintiff suffered arthritis in her foot caused by the injuries she received in her fall. He further testified that there was a permanent injury to the fifth metatarsaljoint of her right foot.
The court found negligence on the part of both defendants and that the fall of the plaintiff was “the kind of occurrence which usually does not happen in . the absence of negligence by the defendant; and that the rail had not been improperly handled by her or by intermediate handlers.”
The court relied on the doctrine formerly denominated as res ipsa loquitur.
1. This court should not reverse findings unless they are plainly wrong. Larabee v. Potvin Lumber Co., 390 Mass. 636, 643 (1983).
Application of the doctrine formerly denominated as res ipsa loquitur permits the finder of fact to find negligence and causation by relying on circumstantial evidence. Evangelia v. Metropolitan Bottling Co., 339 Mass. 177, 180 (1959; Coyne v. John S. Tilley Co., 2 Mass. App. Ct. 641, 644 (1974).
The Supreme Court of Utah, in a similar case, has said:
... due to the nature of an escalator it was impossible for the plaintiff to know or to show just what caused her injury . . . It is certainly not unreasonable for one to assume that it is safe to use [escalators] in the manner and for the purpose for which they were intended nor does it depart from reason to draw the inference that if an escalator is so used and an injury occurs there was something wrong in either the construction, maintenance or operation of the escalator. Sanone v. J.C. Penney Company, 17 Utah 2d 46, 48 (1965).
Our Supreme Judicial Court has decided to the same effect in Snow v. Metropolitan Transit Authority, 323 Mass. 21, 24 (1948). And see also Davies v. Boston Elevated Railway Co., 220 Mass. 200, 201 (1915) (a pole); and Fitzgerald v. Boston Elevated Railway Co., 274 Mass. 287, 289-290 (1931) (failure of a step).
2. The qualification of an expert witness is for the trial judge and is rarely disturbed. Keating v. Duxbury Housing Authority, 11 Mass. App. Ct. 934 (1981); Louise Caroline Nursing Home, Inc. v. Dix Constr. Corp., 362 Mass. 306, 309 (1972). An abuse of discretion must give rise to a conclusion that the ruling was an “action no conscientious judge, acting intelligently, could honestly have taken.” The trial court found that the expert was a medical doctor in general practice treating the plaintiff as the result of her injury. This is sufficient to sustain a ruling of qualification to testify. Ambrose’s *144 Case, 335 Mass. 121, 126 (1956). The doctor’s lack of specialization goes only to the weight to be accorded his testimony.
3. The requests for rulings of Otis numbered 1 through 6 were all denied.
Request #1 referred to the doctrine formerly denominated as res ipsa loquitur as not applicable to the facts. It was denied due to the trial court’s rulings of law and findings of fact. This denial was proper. Mericantante v. B&M Railroad, 291 Mass. 261, 263 (1935); Abbott Equip. Co. v. Bloodstream, 37 Mass. App. Dec. 90, 97 (1967).
Requests #2 through #6 are mixed requests for both findings and rulings and are properly denied. Dist./Mun. R. Civ. P., Rule 64 (b); Stella v. Curtis, 348 Mass. 458, 461 (1965).
Report dismissed.