*Northern District*

No. 5769

**KLINKNER SIGNS, INC.**

v.

**SAMUEL GOLDMAN**

*Present*: Eno, J., Connolly & Parker, JJ.
Case tried to *McKinney, J.* in the District Court of Southern Essex. No. 1486 of 1962.

*Eno, J.* In this action of contract the plaintiff seeks to recover the sum of $1633.07 on a judgment obtained from a Florida Court. The defendant in addition to a general denial and a plea of payment, also denied the "existence of corporate plaintiff and lack of jurisdiction".

The reported evidence is very brief and is as follows:

"The defendant was a resident of Massachusetts, and had never resided in Florida, but that he did business in Florida. The plaintiff introduced into evidence a certified copy of the record and judgment of the Florida Court, and there was no evidence that the Court lacked jurisdiction or that the foreign judgment was procured by fraud, nor was there any evidence that the Florida Court had jurisdiction to enter said foreign judgment, other than said copy of the record and judgment of the Florida Court."

The defendant seasonably filed the following requests for rulings which were denied by the trial judge:

1. Upon all the evidence, the plaintiff cannot recover because the Florida Court has no jurisdiction over the defendant.

2. Since no personal service was made on the defendant, the plaintiff cannot recover in this action.

11. Since there is no evidence of the laws of the State of Florida, our common law would govern and judgment cannot be rendered in personam unless personal service was made.

17. On action on a foreign judgment, the defendant should be allowed to introduce evidence that he had no contractual obligations with the plaintiff.

18. In order for a foreign judgment to be enforceable, it must be shown that it was heard on the merits. If the defendant did not appear at the actual trial and had asked and requested the foreign Court to continue the action to allow defendant to appear to defend said action and such request was refused and the action was heard without the physical presence of the defendant or his counsel, this was not a judgment based upon the merits of the case and the plaintiff cannot recover in this action.

19. The defendant, in defense to foreign judgment should be allowed to show payment, satisfaction or extinguishment of the original cause of action on which the foreign judgment is based.

While the report states that it "contains all the evidence material to the question reported", it appears that a certified copy of the record and judgment of the Florida Court was introduced in evidence, but is not made a part of the report.

█ Any evidence material to the issues raised at the trial should have been included in the report. Rule 28 of the District Court Rules (1952)—*Altshuler v. Field,* 336 Mass. 761.

█ While the original draft report is prepared by the aggrieved party, after it is signed by the trial judge it then becomes his report and he has the right and duty to see that any material evidence is included therein.

*Kelley v. Foley,* 284 Mass. 503, 509; *Keeney v. Ciborowski,* 304 Mass. 371, 373-374; *Perry v. Hanover,* 314 Mass. 167, 168.

■ At the hearing before this Division, counsel for the defendant informed us that the defendant had filed a special appearance in the case in the Florida Court. This probably appears in the record introduced in evidence. If so, then the question of jurisdiction was decided in that court, and there being no evidence to the contrary the defendant's requests for rulings numbered 1 and 2 were properly denied.

■ His request numbered 11 was also properly denied, since our courts may take judicial notice of the laws of the State of Florida. G. L. c. 233, §71.

■ The reported evidence fails to reveal any defense to this judgment like lack of jurisdiction, payment thereof, satisfaction or extinguishment of the original cause of action on which this judgment was based and so defendant's requests for rulings numbered 17, 18 and 19 were also properly denied.

■ And, furthermore, since it appears in the report that there was "no evidence that the Court lacked jurisdiction or that the foreign judgment was procured by fraud" the production of the judgment and record made out a *prima facie* case in favor of the plaintiff. G. L. (Ter. Ed.) c. 233, §69—*Makorios v. H. V. Greene Co., Inc.,* 256 Mass. 598. The burden then shifted to the defendant to offer evidence as to lack of service on him, satis-

faction of the judgment and other defenses he might have.

There was, therefore, no error in the denial of the defendant's requests for rulings and the report is to be dismissed.

David Warden, of Lynn, for the Plaintiff.

John Arthur Johnson, of Boston, for the Defendant.