*Southern District*

### RICHARD J. BURNS, ET AL

v.

### FRANK SAWYER, D/B/A

*Present*: Nash, C.J., *Cox, Lee, JJ.

Case tried to *Colten, J.* in the Municipal Court of Brookline, No. 21—1965.

*Cox, J.* This is an action to recover for damage to the plaintiff's automobile caused by the negligence of the defendant's servants. There was a finding for the plaintiffs in the sum of $90.70. The plaintiffs filed a motion for a new trial on the sole ground that the damages awarded were inadequate. The plaintiffs claiming to be aggrieved by the denial of their motion for a new trial, the justice reported the case for our determination.

The defendant concedes that, because of his servants' acts, he could be found to be negligent.

Nothing more than the foregoing appears in the report. No "facts essential to a

full understanding of the question(s) presented" are reported as required by Rule 28 of the District Courts (1965). No "clear and concise statement of so much of the evidence or of any agreed statement of facts as may be necessary to present the question(s) of law reported. . ." is included as provided in the Draft Report Model at the end of, and as required by, Rule 28.

The failure of the report to state all material evidence is ground for dismissal of the report. *Cincevich v. Patronski,* 304 Mass. 679. But, in our opinion, justice will be better served by appropriate amplification of the record. In his brief and oral argument counsel for the plaintiffs indicates evidence of damage much in excess of that awarded by the justice.

■ By G.L. c. 231, §108 any party to a cause brought in the district court "aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the appellate division when the cause is otherwise ripe for judgment, or sooner by consent of the justice hearing the same." The aggrieved party has a right to a report of law questions and it would appear to be the duty of the courts to see that the right is fairly safeguarded. Although Rule 28 places upon the party requesting a report the burden of preparing a draft to be submitted to the justice, the report is nevertheless that of the justice who heard

the case. *Perry v. Hanover,* 314 Mass. 167, 168, 169.

It would therefore seem just that the trial justice see that the report be extended so as to contain a summary of all material evidence and facts in order to fairly present the question of law reported and a full understanding of the same.

In the instant case the review of the denial of the plaintiffs' motion for a new trial because the damages awarded were inadequate, would be quite impossible on the bare record now before us. On the other hand the summary dismissal of the report because of the diminution of the record would effectively defeat the right to a report granted the plaintiffs by G.L. c. 231, §108.

As the record does not fairly present the question of which review is sought, the report is to be remanded to the trial justice for amendment of the report and, as amended, returned to this appellate division. *Merriam v. Merriam,* 6 Cush. 91, 93; *Squier v. Barnes,* 193 Mass. 21, 24; *Burbank v. Farnham,* 220 Mass. 514; *Doherty's Case,* 222 Mass. 98; *Bourbeau v. Whittaker,* 265 Mass. 396, 398, 399. *Silano v. Carosella,* 272 Mass. 203, 205, 206.

Herbert Lord, of Winchester, for the Plaintiff.
John L. Murphy, of Boston, for the Defendant.