*Northern District*
#6310

## NEW AMSTERDAM CASUALTY CO.

### v.

### KARL GOLDSTEIN

Argued:——— Decided:———1966

*Present*: Brooks, P.J., Parker, Durkin, J.J.
Case tried to *Yesley, J.* in the District Court of Newton #14,904

Brooks, P.J. *This is an action of contract* in which plaintiff seeks to recover the sum of $5075 paid to defendant for the loss by theft of an automobile insured by defendant with plaintiff against such risk.

In Count 1 plaintiff seeks to recover on the basis of having paid the loss under a mistake of fact—namely, that it was without knowledge that legal title of the automobile was not in the defendant at the time of insurance.

Count 2 is a common count for money had and received to the use of plaintiff. Both counts are for the same cause of action.

Defendant answered by way of general denial, compliance with all terms and conditions of the policy, plaintiff's failure to comply with such terms, also estoppel.

The court found for the defendant on both counts. The facts which were agreed to are set forth in the Court's Decision and are as follows:

> "1. On or about August 11, 1964 the plaintiff and the defendant entered into a contract of insurance by the terms of which the plaintiff insured the defendant against loss by theft of a certain motor

vehicle, being a 1964 Cadillac, under a policy No. 7F-316983. (A copy of the form of said policy is attached to the Statement of Agreed Facts and marked "Exhibit 1.")

2. The contract of insurance as aforesaid was subject to all of the terms and conditions set forth in said Exhibit 1.

3. On or about October 28, 1964 the defendant reported to the plaintiff that the said motor vehicle was stolen on October 22, 1964.

4. On or about December 10, 1964 the plaintiff received from the defendant a Proof of Loss, and upon receipt thereof paid to the defendant the sum of $5075.00. (The said Proof of Loss is attached to the Statement of Agreed Facts and marked "Exhibit 2.")

5. Shortly after payment of the loss as set forth in the previous paragraph, the plaintiff learned that the defendant was not the owner of said motor vehicle on the date of the contract of insurance, was not the owner thereof on the date of loss or at any time subsequent thereto, but that the same had been previously stolen from its rightful owner, one Lena Nicholes, and transferred to the defendant by a person or persons unknown to the plaintiff and without the authority of the rightful owner.

6. On the date of the contract of insur-

ance hereinbefore referred to, as well as on the date of receipt of the said Proof of Loss, and at the time of payment to the defendant as aforesaid, the plaintiff was ignorant of the facts relative to the theft of said motor vehicle.

7. All interest of the First National Bank of Boston as set forth in the policy and Proof of Loss has terminated by payment of all sums due it.

The copy of the insurance policy attached to said Statement of Agreed Facts as "Exhibit 1" and the said Proof of Loss attached as "Exhibit 2" are incorporated in this report.

■ Strictly speaking, documents should not be "incorporated by reference" in a report. If they are long or complicated and much of it immaterial or irrelevant, excerpts can be quoted in the report. It perhaps would have been better procedure to follow that course here. However, it is apparent from the judge's decision what the issue is in the case—namely, whether defendant's representation that he was the sole owner of the stolen vehicle requires a finding as a matter of law, since he had no actual legal title to it and, therefore, no insurable interest in it, the money paid to him by plaintiff under a mistake of fact should be repaid.

Involved is a subsidiary issue whether the insured's declaration in the policy was a condi-

tion or a representation. This issue the judge discusses in his decision as follows:

■ "This is not the language of a condition. Under G.L. c. 175, s. 186: 'No .... written representation or warranty made in a negotiation of a policy of insurance by the insured .... shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss.' This section applies to representations as to title. See *Cassidy* v. *Liberty Mutual Insurance Company*, 338 Mass. 139. There was no intent to deceive here, nor did the representation as to title increase the risk of loss. *Faris* v. *Travelers Indemnity Company*, 278 Mass. 204, cited by the plaintiff, is distinguishable in that the truth of the statement as to the insured's title was there expressly stated to be a condition."

We do not dissent from the trial court's view as above expressed.

No Massachusetts cases precisely in point have been cited in brief or in argument. The examination of cases elsewhere discloses disagreement. *Hessen* v. *Iowa Automobile Mut. Ins. Co.*, 195 Iowa 141 holds that one who directly or indirectly acquires an automobile from

a thief gets no title and therefore, no insurable interest.

On the other hand *Norris* v. *Alliance Ins. Co.*, 1 N.J. Misc. (Supreme Court) 315 takes the opposite view. The Court says:

"Where the insured was bona fide purchaser of an automobile on which a theft insurance policy was issued by the defendant, the title was good against anybody but the original owner, whose signature had been forged to give apparent good title to an intervening owner. None but he (original owner) can affirm ownership against the plaintiff which he does not do, and defendant has no right to do it for him. The plaintiff did not knowingly make any false representation to the defendant as to ownership. He supposed he was the unconditional and sole owner.... So far as defendant is concerned it is the same as if the automobile had been lost and found by the plaintiff, who is the true owner until evicted by one holding better title. The possession of property is prima facie proof of title."

Blaschfield's Ecyclopedia of Automobile Law and Practice, Vol. 6, perm. ed., paragraph 3503 citing the *Norris* case says:

"A purchaser in good faith of an automobile for a valuable consideration who is in undisputed possession of it has an interest therein sufficient to enable him to

recover on a policy insuring it, issued to him while in such possession, despite its having been stolen from the original rightful owner.''

To a similar effect is *Barnette* v. *London Ins. Corp.,* 138 Wash. 245.

*Southern Farmer Mut. Ins. Co.* v. *Motor Foundation,* 215 Ark. 601 (1949) holds that an innocent purchaser is not entitled to recover under similar circumstances. Two justices dissented in that case citing the *Norris* case. The foregoing cases are subject of comment in 30 ALR 657, 38 ALR 1123, and 46 ALR 526. While the cases in point are not recent, perusal of ALR 1st and 2nd discloses nothing new on the point under discussion.

*Ballard* v. *Globe and Rutgers Fire Ins Co.,* 237 Mass. 34 was an action of contract on a policy of insurance to recover for the loss by theft of an automobile. It was stated in the policy that the automobile insured was fully paid for and ''is not mortgaged or otherwise encumbered.'' Plaintiff acquired it under a conditional sale agreement in writing by which it was to remain the property of the seller until fully paid for. It was expressly stated as a condition of the policy that it was to be null and void if the interest of the insured in the property be other than unconditional and sole ownership.

The difference between that case and the present is that there the insured knowingly

made a false statement while here he had every reason to believe his statement to be true.

The case before us is different in another respect from other cases cited. Namely, instead of plaintiff suing insurance company to make good on its policy, the insurance company is suing its insured to whom it has made payment for recovery of that payment. The burden of proof therefore is on plaintiff. This seems to us an appropriate case for the application of the axiom that "the loss should lie where it falls" —on the plaintiff.

The defendant had an insurable interest in the automobile. Insurable interest does not necessarily require that the insured have title to the property insured. *Womble* v. *Dubuque Fire & Marine Insurance Co.*, 310 Mass. 142, 144:

> "By the law of insurance, any person has an insurable interest in property by the existence of which he receives a benefit, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of the property itself."

See also *Shumway* v. *Home Fire & Marine Insurance Co. of California*, 301 Mass. 391, 395. See also *Giles* v. *Citizens Insurance Co.*, 32 Ga. App. 207 (1924) where it was held that purchase by assured of an automobile in good faith from one who acquired it in good faith was sufficient to satisfy the requirement of insur-

able interest and of sole, unconditional ownership in a policy against theft notwithstanding that the vehicle was originally stolen.

While the matter is not free from doubt, we incline to hold with the view of the Court in the *Norris* Case. We therefore sustain the decision of the trial judge.

Report dismissed.

MARIO MISCI, Esq.   ROBERT A. STANZIANI, Esq.
*For Plaintiff*      *For Defendant*