*Western District*
# 11482
## NORTH ADAMS HOOSAC SAVINGS BANK
v.
## JAMES GENOVESE and MERYL E. GENOVESE
Argued: Mar. 22, 1967   Decided: April 20, 1967

64

*Present:* Garvey, P.J., Levine and Allen, J.J.

Case tried to *Cimini, J.* in the District Court of Northern Berkshire ⚏# 11482

*Garvey, P.J.* In this action of contract there was a finding for the plaintiff (the bank) in the amount of $1033.90, the deficiency due on a mortgage note after the foreclosure of the mortgage. The defendant pleaded a general denial and failure by the plaintiff to comply with the provisions of *G.L. c. 244, § 17.* The case was submitted on a statement of agreed facts and from the finding the defendants claimed a report.

"It was the duty of the trial judge and it is our duty to order the correct judgment on the agreed facts." *Quintin Vespa Co.* v. *Construction Service Co.,* 343 Mass. 547, 551-552. *Simmons* v. *Cambridge Savings Bank,* 346 Mass. 327, 329.

On September 29, 1960 the bank loaned the defendants $6800.00. They executed a promissory note to the order of the bank pay-

able in monthly installments of $46.78 and as collateral gave a mortgage, in statutory form, on real property situated at number 318 Ashland Street, North Adams. The next day they sold the property. On January 11, 1965, the payments due on the mortgage note being in default, a decree was duly entered by the Superior Court for Berkshire County authorizing foreclosure proceedings to be instituted. On February 12, 1965, at a public auction, at which the defendant James Genovese and his attorney were present, the premises were sold for $5,500.00 After crediting the proceeds on the amount then due on the mortgage note there remained an unpaid balance of $1003.93. The bank then commenced the action under consideration.

C. 244, § 17B reads:

"No action for a deficiency shall be brought . . . by the holder of a mortgage note or other obligation secured by mortgage of real estate after a foreclosure sale by him . . . unless a notice in writing of the mortgagee's intention to foreclose the mortgage has been mailed . . . to the defendant sought to be charged with the deficiency . . . not less than twenty-one days before the date of the sale under the power in the mortgage . . . and an affidavit has been signed and sworn to, within thirty days after the foreclosure sale, of the mailing of such notice. A notice mailed as aforesaid

shall be a sufficient notice, and such an affidavit made within the time specified shall be prima facie evidence in such action of the mailing of such notice. The notice and affidavit, respectively, shall be in substantially the following form:"

"Notice of Intention to Foreclose and of Deficiency After Foreclosure of Mortgage.

To A. B.              Street

You are hereby notified, in accordance with the statute, of my intention, on or after              , to foreclose by sale under power of sale for breach of condition, the mortgage held by me on property on Street in              in the County of              dated              and recorded with              deeds Book              page              to secure a note (or other obligation) signed by you, for the whole, or part, of which you may be liable to me in case of a deficiency in the proceeds of the foreclosure sale.

Yours very truly,

C. D. Holder of said mortgage."

"Affidavit.

I hereby certify on oath that on the              day of 19       I mailed by registered mail, postage prepaid and return receipt requested, the notice,

a copy of which appears below, directed to the persons or person at the addresses therein named which were the last addresses of such persons known to me at the time of mailing.

(Here insert copy)

Signed and sworn to before me this day of        19

. . . . . . . . . . . . . . . . . . . . . .''

In *Palumbo* v. *Audette,* 323 Mass. 559 at page 560 it was said:

> ". . . this statute was designed for the protection of mortgagors and of those liable with them or through them on mortgage obligations. The notice was required so that such persons could look out for their interests at the foreclosure sale".

As to compliance by the bank with this statute the report states the following: "Plaintiff sent to defendants on January 14, 1965, by certified mail, return receipt requested, postage prepaid, notice of its intention to foreclose said mortgage and to hold defendants liable for any deficiency that might result between the purchase price at the coming foreclosure sale and the amount then owing on the mortgage. Also on January 14, 1965, the plaintiff, by its attorney, executed affidavit stating contents of the aforesaid notice and that same was sent to defendants at their last known address."

The defendants argue non-compliance with the statute because the statement about

the notice did not contain the date on or after which the plaintiff was to foreclose the mortgage, the location of the premises, the book and page, the date, and the place where said mortgage was recorded. We do not agree.

██ This statement obviously was intended to summarize for the court what the bank did in respect to the required statutory notice, and from it the trial judge could infer compliance as we do. If the defendants sought more, a copy of the notice should have been made part of the report.

██ The defendants also argue the affidavit was improper because it was executed by the attorney for the bank. We read nothing in the statute prohibiting this.

██ The defendants also argue non-compliance because the affidavit was executed before the sale rather than after.

"It is well settled in similar cases, where a statute required action within a certain time 'after' an event, that the action may be taken before that event. Such statutes have been construed as fixing the latest, but not the earliest, time for the taking of the action." *Tanzilli* v. *Casassa,* 324 Mass. 113, 114, and cases cited. *McDermott* v. *Jamula,* 338 Mass. 236, 240-241. *Sherer* v. *Sherer,* 320 Mass. 351, 354. *Home Savings Bank* v. *Wilson,* 20 Mass. App. Dec. 32, 35-36.

The plaintiff pleaded "that proper notice of deficiency was forwarded to the defendants on

January 14, 1965". That was sufficient. It was not necessary to set out a copy of the notice. *Steffe* v. *Old Colony Railroad,* 156 Mass. 262, 263.

**The report is to be dismissed.**

ROBERT I. MANUEL
of North Adams for the plaintiff.

BENJAMIN APKIN
of North Adams for the defendants.