*Northern District*

No. 7652.

## BLACKSTONE NURSING HOME, INC.

*v.*

## P & H LEASING CO., INC.

Argued: Mar. 2, 1972 - Decided: Apr. 25, 1972

*Present:* Parker, P.J., Durkin, Mason, JJ.

Case tried to *Doyle, J.,* in the Second District Court of Eastern Middlesex No. 4409.

**Parker, P.J.** *In this action of contract* the plaintiff seeks to recover for the breach of an agreement under which the defendant agreed to lease to the plaintiff an automobile for a period of two years at a monthly rental of $195.00, but the defendant failed and refused to lease the automobile, which forced the plaintiff to pay more per month for an equivalent car and that the defendant owes the plaintiff the amount so paid in excess. The defendant answered by way of general denial payment and the Statute of Frauds. G.L. c. 259, § 1.

The writings relied on by the plaintiff are not before the Court. The report refers to them as Exhibits No. 1 and No. 2 but they are not incorporated in the report, nor have they been brought before us. The report states they "are incorporated herein by reference". Rule 28 of the Rules of the District Courts (1965) in its second sentence in part, reads as follows:

> "Papers on file in the case may not be incorporated by reference except by permission of the appellate division."

At the conclusion of the Draft Report Model, set out in Rule 28, appears the following:

"The report should include by incorporation and not merely by reference, all matter necessary to present the questions of law reported."

The record discloses no permission to incorporate these exhibits and further, if there is any such permission, the exhibits have not been brought before us. The report states that it contains all the evidence material to the questions reported. The defendant's brief has attached to it what would appear to be a copy of the order and of the check (Exhibits 1 and 2). These cannot be considered as a part of the report before us. Not being reported, reference to them and copies in the defendant's brief cannot be considered. *Barnes* v. *Springfield,* 268 Mass. 497, 504. Without these exhibits before us we have only the summary made of them in the report.

The report states that there was evidence, tending to show that the president of the plaintiff discussed with the president of the defendant renting a new 1970 Pontiac Catalina, 4 door, hard top automobile for a term of 24 months with a certain color preference and certain accessory equipment. The report states that the plaintiff's president agreed to accept an automobile substantially in accord with what was specified in an order form which was filled out by the defendant's president. This "Vehicle Order — Delivery Receipt" specified the terms, date of the order, the year, make, model

and body style of the car, the requested accessories, color preference, the estimated delivery date; the total monthly rental of $195.00. The report further states that the name of the defendant's president is printed in the space to identify the "Salesman" and that this paper is signed by the plaintiff's president, but not in the name of the defendant.

The report further states that the form contains the following handwritten acknowledgement "Rec'd $195.00 — Deposit 6/16 A.C. Perry", and that it also contained the following uncompleted paragraph: "This order is for a motor vehicle to be delievered to us in accordance with the provisions of lease agreement No. ——, dated ————————." The report states that this "Vehicle Order — Delivery Receipt" was put in as an exhibit in the case, but that no separate lease agreement was ever discussed by the parties. According to the report there was also put in as an exhibit a check of the plaintiff dated 6/15/70 to order of defendant in the amount of $195.00 and endorsed on the back "P & H Auto-Lease Co. for deposit only, P & H Leasing Co., Inc." As stated above neither of these exhibits were before us.

In the report it is stated that these two exhibits constitute the only notes, writings, or memoranda evidencing a contract between the parties.

It appears from the report that the date for delivery of a new 1970 model had passed be-

fore the discussion of the two presidents and that the defendant would have difficulty locating one with the color and accessories wanted by the plaintiff.

There was evidence that the demonstrator automobile of the defendant's president was offered to the plaintiff at $195.00 per month, but subsequently the plaintiff was told that the rental of the demonstrator or any other vehicle would be $240 per month, and that the $195.00 deposit was returned to the plaintiff, and no automobile was delivered to it.

There was evidence, given by the president of the plaintiff, that "when he shopped around for comparable prices he obtained the same price". Other than this shopping for comparable prices there is no evidence of action on the part of the plaintiff to lease an automobile from anybody else. The defendant's president testified that the demonstrator would require higher rental because of the extra accessories.

The court made the following findings of facts:

"I find that the plaintiff has sustained the burden of proving that the plaintiff and defendant entered into a contract on the terms alleged in the defendant's declaration; that the "Vehicle Order — Delivery Receipt" (plaintiff's Exhibit No. 2) together with plaintiff's check (plaintiff's Exhibit No. 1) endorsed by the defendant, constituted a sufficient writing within the meaning of General Laws, Chapter 259,

Sec. 1 to enable the plaintiff to maintain an action therein; that the defendant breached the contract and that the plaintiff was damaged, as found, as a result of the defendant's breach."

The docket shows that the court found for the plaintiff and assessed damages in the sum of $1080.00, with interest from date of the writ.

The defendant seasonably submitted the following five requests for rulings which the court denied and by its action the defendant claims to be aggrieved:

(2) The document signed by the plaintiff was an offer to negotiate and not an offer to be accepted by the defendant.

(3) The alleged contract sued upon by the plaintiff was by its terms not to be completed within one year from the making thereof, and is, therefore, barred by the Statute of Frauds.

(4) The plaintiff has failed to prove any damage as a result of the alleged breach of contract by the defendant.

(5) On all the evidence, the finding must be for the defendant for the following reasons:

a. The plaintiff has failed to prove the existence of a contract between the plaintiff and the defendant.

b. The plaintiff has failed to prove any breach by the defendant of the alleged contract.

It might be said that, from the report, a recission of the contract was made when the deposit of $195.00 was returned to the plaintiff. However, the defendant does not raise the point

nor could he, since he did not plead a rescission or abandonment of the contract. *Mark* v. *Stuart & Howland Co.*, 226 Mass. 35, 42.

The report shows that the defendant in its answer has raised the issue of the Statute of Frauds and the defendant's request No. 3 also raises this issue. This puts the burden on the plaintiff to prove a memorandum of the alleged oral contract, *Beaver* v. *Raytheon Mfg. Co.*, 299 Mass. 218, 219 and authorities therein cited.

The defendant's request No. 3 was denied and the defendant, being the appealing party, has the burden of showing error. *Posell* v. *Herscovitz*, 237 Mass. 513, 517. There was, therefore, a burden on both parties to see that the report contained evidence to support their contentions, this they have failed to do, since Exhibits No. 1 and No. 2 are not a part of the report.

Arguments based on documents, rulings, statements of fact or of evidence which have not been made a part of the report cannot be considered. *Barnes* v. *Springfield*, 268 Mass. 497.

The record of this case is incomplete. It does not show error. It leaves open the possibilty that the ruling of the court on what was before it was right and the defendant has failed to sustain the burden of showing error. The record as transmitted to us does not show error. *Staples* v. *Collins*, 321 Mass. 449, 452; *Sears, Roebuck & Co.* v. *Hinde*, 295 Mass. 110, 112.

On the evidence stated in the report no error on the part of the court is shown, **and the report will be dismissed.**

Carl G. Bargstedt

    for the defendant (Appellant)

Evans J. Carter

    for the plaintiff (Appellee).