*Western District*

No. 106

**ELWOOD MEYER**

v.

**RICHARD HOOKER**

Argued: April 30, 1973 - Decided: May 18, 1973

*Present:* Dudley, P.J., Cimini, Sloan, JJ.

Case tried to *Ryan, J.* in the District Court of Hampshire, No. 8641RA. Date of finding or decision appealed from: September 11, 1971.

**Sloan, J.** This is an action of tort for damages to the plaintiff's dog arising out of a fight with the defendant's dog, on an unspecified date, commenced by writ dated January 27, 1964 and entered in the Hampshire County Superior Court on Monday, March 2, 1964. On September 22, 1964 the case was transferred for trial to the District Court of Hampshire pursuant to G.L. c. 231 § 102 C as amended.

On March 29, 1968 upon the case being marked for hearing, the plaintiff filed an affidavit that the plaintiff was in the military service.

On November 30, 1971 the defendant filed a motion to dismiss pursuant to Rule 39 of the District Courts. And on December 2, 1971 the plaintiff filed another military affidavit.

On December 13, 1971 at the trial list the

plaintiff was non-suited and the case was continued to January 21, 1972 for entry of judgment.

On January 1, 1972 the plaintiff filed a motion to remove the nonsuit.

On February 7, 1972 after hearing, the motion was denied, and on February 8, 1972 the plaintiff filed a draft report and another military affidavit.

On August 29, 1972 the defendant filed a motion to dismiss the draft report.

On September 11, 1972, after hearing, the court allowed the defendant's motion to dismiss the draft report and did dismiss the draft report "under rule 28" of the District Court Rules.

On September 14, 1972 the plaintiff filed a claim of report from the dismissal of the report and the allowance of the defendant's motion to dismiss, and also filed a petition to establish the truth of the draft report.

On September 16, 1972 the plaintiff filed a draft report. After a hearing on the draft report the plaintiff filed another military affidavit.

On December 12, 1972 the petition to establish the truth of the draft report was dismissed under Rule 28 of the District Courts.

On December 22, 1972 the plaintiff filed a "draft report to dismissal under Rule 28, of the District Court Rules."

None of the draft reports filed by the plain-

tiff were signed by the plaintiff, his attorney or by the trial justice. Each report contained the wording "This report contains all of the matters material to the question presented" and also the wording "All of the pleadings reports and petitions are incorporated herein by reference".

Each of the draft reports consists merely of a recital of the action of the trial judge.

Rule 28 of the District Court rules provides under the heading "Contents" —

"Such draft report shall state the issues raised by the pleadings, shall set forth in clear and concise terms the rulings upon which the party seeking the report has requested and now asks for a rehearing by the appellate division, the state of the case at which and the manner in which the same arose, *how he claims to be prejudiced by such rulings* and any other facts essential to a full understanding of the questions presented. Such draft report shall generally as fully as may be follow the model printed at the end of this rule."

(Italics done for emphasis)

 The draft reports fail to contain facts "essential to a full understanding of the questions presented". It is left entirely to conjecture as to whether the plaintiff was in the military overseas or whether he was stationed at a base that was near enough to the trial court that he could prosecute his case without any hardship.

Rule 28 under the title "Proceedings" in the third paragraph provides, "Papers on file in the case may *not* be incorporated by reference except by permission of the Appellate Division." In his draft reports now before the Appellate Division, the plaintiff states: "All of the pleadings reports and petitions are incorporated herein by reference."

This is an obvious non compliance with Rule 28. *New Amsterdam Casualty Co.* v. *Goldstein*, 35 Mass. App. Dec. 146.

In passing it is to be noted that the reports filed, while entitled "Plaintiffs Draft Report" a report to the Appellate Division is not the report of a party litigant but is the report of the trial justice. *Burns* v. *Sawyer*, 34 Mass. App. Dec. 67. *Parsons, Friedmann & Central Inc.* v. *Daniels*, 37 Mass. App. Dec. 121.

In regard to the case before us, not one of the reports bears the signature of the trial judge and we therefore have no report of that justice.

As to the plaintiffs petition to establish the truth of the draft report — the report attached to the petition consists merely of a recital of the filing of certain pleadings and the action of the judge in regard to them. This does not comply with the requirement of Rule 30 of the District Courts that a petition to establish the truth of a report shall set "forth in full his claim for such report and all

of the facts material thereto.'' It is left to pure conjecture as to what evidence, if any, oral or written, or what facts were presented to the judge when acting on the motion to dismiss the plaintiffs claim.

In addition the short answer to the plaintiffs claim is that his reports were not disallowed but were dismissed as not conforming to rule 28. Rule 30 providing for petitions to establish reports says in its first sentence ''Whenever a claim of report shall be disallowed by a justice as not conformable to the facts or for any other cause'' — the party may file a petition to establish the truth of the report.

The trial justice committed no error.

No error found. **Report dismissed.**

LOUIS KERLINSKY
 for Plaintiff

DAVID J. GIARD
 for Defendant