Black, P. J.
This is an appeal from a civil commitment under the provisions of G.L. c. 123,§§ 7 and 8.
It appears that a hearing was held July 16, 1985 on a petition of the Superintendent of the Bournewood Hospital for the commitment of the appellant, Robert Peters, to that facility as a mentally 01 person requiring hospitalization due to the likelihood of serious harm to himself and/or others. It is alleged that during the course of the hearing the trial judge allowed into evidence hearsay testimony over the objections of counsel for the appellant. It is further alleged that at the conclusion of the petitioner’s evidence, counsel for the appellant orally requested that an independent psychiatric examination be performed on the appellant. This motion was allowed and the trial judge appointed a duly qualified psychiatrist who, unknown to counsel, was the psychiatrist of the court clinic at the trial judge’s court. It is alleged that the trial judge met with the court appointed psychiatrist in chambers, both before and after the examination of the appellant, without counsel being present. At no time did the psychiatrist submit a written report of his findings to either the appellant or his counsel. An order of commitment was signed by the trial judge on July 22, 1985, committing the appellant to Bournewood Hospital for a period not to exceed six months. A copy of the psychiatrist’s written report was filed with the Clerk-Magistrate on July 25,1985. A request for Report/Draft Report was filed on July 19, 1985 for appellate review of a number of issues. The report was allowed on August 9,1985, without modification.
For a variety of reasons, we are compelled to conclude that the report must be dismissed, as we believe that the case has not been properly presented for appellate review.
At the outset, we would point out that the Report of this case was not signed by the trial judge who conducted the commitment hearing. While there maybe • some very limited situations where a judge other than the trial judge would be permitted to sign the report (e.g. where the trial judge was appointed to the' Superior Court Department following trial but before a hearing on the draft report and the First Justice of the court signed the report, the contents of which were undisputed. Simpson v. Town of Mansfield, 1985 Mass. App. Div. 88) it is well established that ordinarily, a report has no standing before this court unless it is that of the trial judge and is signed by him. Meyer v. Hooker, 51 Mass. App. Dec. 142 (1973). Although the Supreme Judicial Court has held *2 that not every failure to conform to the procedural requirements of Rule 64 is fatal to appellate review by this court (Cape Cod Bank & Trust Company v. LeTendre, 384 Mass. 481 [1981]), and while this rule could be extended to all of the requirements of Rule 64 (see PERLIN & CONNORS, CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURTS, 77, n. 24 [1985 Supp.]), the LeTendre case by its terms is limited in scope to those situations where the failure to comply does not interfere with the accomplishment of the purposes implicit in the requirements of the rule. Cape Cod Bank & Trust Company v. LeTendre, supra, at 484. In this connection, it has been long established that the report of a case to the Appellate Division, although originally drawn, filed and presented to the trial judge by the appealing party, is not the report of any party, but is the report of the trial judge and he is duty-bound to see that it contains all material evidence. Burns v. Sawyer, 34 Mass. App. Dec. 67 (1965); Klinkner Signs, Inc. v. Goldman, 26 Mass. App. Dec. 198, 201 (1962), Parsons, Freidmann & Central, Inc. v. Daniels, 37 Mass. App. Dec. 121 (1967). Consequently, we have held that unless the report contains the signature of the trial judge, there is nothing before us and the report must be dismissed. Meyer v. Hooker, supra, at 146. This is because the report is the focal point of appellate review and is supposed to be the trial judge’s report of the issues presentable for appellate determination. Perhaps there is no better illustration of the point than is presented by the case presently before us. The appellant alleges that the trial judge received the independent psychiatrist’s report in camera, without counsel present. Whether this allegation is factually true is a matter known only to the trial judge and the independent psychiatrist. In the absence of a report signed by the trial judge (or a report prepared as a consequence of the allowance of a Petition to Establish a Report), we do not think that the issue is properly presented for appellate determination.
A'l second flaw in the report lies in the fact that it fails to contain the requisite statement that “This report contains, all the evidence material to the question reported” Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (2). Draft reports should conform, as nearly as possible, to the model of the form and substance set forth in the rules. Tranfaglia v. Security National Bank, 50 Mass. App. Dec. 85 (1972). Unless the report contains all of the evidence material to the questions reported, there is a possibility that evidence not in the report had in fact been introduced in the trial sufficient to justify a result opposite to that reached by the trial judge. Likewise, the result reached by the trial judge could not be justified by evidence not reported. McGlinchey v. Tomasello, 43 Mass. App. Dec. 206, 210 (1969): North Adams Hoosac Savings Bank v. Genovese, 37 Mass. App. Dec. 62 (1967). While there is considerable case authority to support dismissal of the report for failure to include this statement, the more recent cases suggest that a report should not be dismissed for this reason alone. Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 259 (1976). The Supreme Judicial Court has suggested, where oversight is involved, that District Court judges uniformly order that the statement be included in any report not containing it or insert it on their own motion. Id. at 259. Then, the Appellate Division and any appellate court could assume that the omission of the statement is intentional and the effect of the omission of the statement on appeal would be clear and unavoidable. In the instant case, it seems readily apparent that the report is not complete. In oral argument, for example, counsel alluded to the trial judge’s denial of an oral Motion For Summary Judgment and contended that this also constituted error. Other points were raised in oral argument which do not seem to be covered by the report. Obviously, matters which are not incorporated in the report of the trial judge *3 to the Appellate Division cannot be considered upon appeal. Blackstone Nursing Home, Inc. v. P&H Leasing Co. Inc., 48 Mass. App. Dec. 58, 64 (1972). Finally, we would point out that the report submitted to us in this case for appellate review unquestionably fails to comport to the Model Draft Report set forth as Form 33 of the Dist./Mun. Cts. R. Civ. P.
As respects the evidentiary issues raised by the appellant, it is clear that counsel for the patient did not claim a report at the time of the trial judge’s ruling on the evidentiary matter, as required by Mass. R. Civ. P., Rule 64 (2), and no report was filed with the clerk within five (5) days after the hearing of all of the evidence, or at any time subsequent thereto. Therefore, we deem any alleged errors as to evidentiary matters as having been waived, notwithstanding the fact that the evidentiary matters are summarized in the report. Dunham v. Beck, 1984 Mass. App. Div. 166, 168. We would hasten to add that the obvious purpose of the requirement that a report be claimed at the time of the ruling is to alert the trial judge that his ruling may be the subject of appellate review and allow him to make whatever notes he deems appropriate to properly report the issue. It may also accord him the opportunity to reconsider his ruling before the case proceeds further. We would also note that Rule 64 (a) also requires that objections at trial to evidence be accompanied by a statement as to the grounds therefor. Of equal importance is the requirement that a written request for a report of the specific evidentiary issue be filed within five (5) days after the conclusion of the hearing on all of the evidence. Presumably, this is intended to again make the trial judge aware that the party intends to pursue the claim of a report by seeking apellate review of the evidentiary ruling, while the issue and the manner in which it arose are still fresh in the trial judge’s mind. While the LeTendre case requires that we look upon technical non-compliance with the provisions of Rule 64 with a degree of leniency, we must conclude that there are at least some requirements of Rule 64 that must be very strictly followed because it involves the heart of the apellate review process. We view non-compliance with the time strictures governing the claim and prosecution of an appeal to the Appellate Division to be a “serious [procedural] misstep not a relatively innocuous one.” Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 25. Therefore, in this case, since none of the procedural requirements of Mass. R. Civ. P. 64 (a) have been adhered to, including the time limitations, the evidentiary issues have not been preserved for appellate review.
Quite apart from the numerous procedural deficiencies that require dismissal of the report in this case, we note that the appeal does refer to several important issues, as to which some comment seems appropriate, notwithstanding the dismissal of the report.
The first relates to the appointment of an independent psychiatrist to perform a medical examination of a person who is the subject of a commitment hearing. The provisions of G. L. 123, § 5, authorize the judge hearing the petition for commitment to appoint an independent psychiatrist for an indigent person. Not only is this a statutory right under laws of the Commonwealth, but it may also be constitutionally mandatory by virtue of a case recently decided by the United States Supreme Court. See Ake v. Oklahoma, 105 S. Ct. 1087 (1985). See also Addington v. Texas, 441 U.S. 418, 425 (1979). In Thompson v. Commonwealth, 386 Mass. 811, 819 (1982), the Supreme Judicial Court discussed the purpose of Section 5 and noted that:
The purpose of this provision is to afford indigent persons the same benefits of an independent medical examination that are available to wealthier persons. It is not intended as an aid to the court, but as a *4 benefit to indigent persons. If it were otherwise, the provision would not be limited to indigent persons, nor would it require a request by the person or his counsel. We think, therefore, that the facts known and opinions held by a physician who has been appointed pursuant to § 5 should be treated the same as if the physician had been hired privately. See, e.g., Mass. R. Civ. P., Rule 26 (b) (4), 365 Mass. 772 (1974). Accordingly, the results of such an examination should ordinarily not be considered by the court unless they have been put in evidence by the person requesting the examination.
Therefore, the results of the independent psychiatric examination of any alleged mentally ill person may not be disclosed to the judge hearing the petition, in camera or otherwise, except when properly offered into evidence by the person requesting that examination. A violation of this rule, in our opinion, would constitute reversible error. Appointment of a court clinician to perform the examination would not be prohibited per se nor necessarily be prejudicial to the person requesting the examination, but we think it preferable for the clinician to disclose his status to counsel and to the person being examined. Counsel for indigents are also appointed by the court before which the petition is pending and many of these attorneys are Bar Advocates assigned to the same court on a daily basis. Court clinicians and counsel alike are frequently assigned to a particular court under contract from a public agency. In the case of the clinician, from the Department of Mental Health, and in the case of counsel, from the county bar association or some similar organization. We do not perceive of any conflict of interest.
The second matter involves the various other procedural aspects of the mental health hearings on petitions for commitment. In December of 1979, Chief Justice Samuel E. Zoll, of the District Court Department, promulgated “Standards of Judicial Practice for Civil Commitments.”The introductory note by the Chief Justice acknowledges that the Standards are not mandatory, in the sense of being rules, but that they do represent desirable practices to be followed by District Court judges. To the extent that the standards reflect statutory and case law, they must be followed. To avoid reversible error, we think it desirable that these standards be followed by District Court judges, particularly in light of the dramatic rise in the number of civil mental health commitment hearings in recent years and the likelihood of more of these cases being presented for appellate review.
During oral argument, it was represented to this court by counsel for the appellant that the appellant is no longer committed under the trial judge’s order. Consequently, the report is dismissed with no further proceedings being necessary.