Staff, J.
Procedurally this came before us on a petition to establish a report of the defendant. It has been ágreed that the petition may be allowed and we proceed to the merits, the case having been fully briefed and argued.
The complaint is in contract for services rendered by plaintiff nursing home to defendant’s late husband and in tort for attorney’s fees (incurred in a probate court proceeding in which plaintiffs officers sought to have a conservator appointed of the estate of defendant’s husband) on a misrepresentation theory.
The contract portion of the claim was paid in full by defendant leaving only the claim for attorney’s fees for trial.
To the portion of the claim sounding in tort, the defendant denied the allegations and further alleged that the probate matter for which plaintiff sought to recover fees was inappropriate and had been dismissed by the court.
The defendant further moved for attorney’s fees and costs under the provisions of G.L.c. 231, § 6F which provides for an award representing reasonable attorney’s fees and other costs and expenses in instances of insubstantial, frivolous, or bad faith claims or defenses. The trial judge by taking no action on this motion, in effect, denied it and properly so. This is because G.L.c. 231, § 6E which defines the courts to which such proceedings apply, does not include the district court within the definition. Such exclusion can only be construed as a clear expression of legislative intent not to include the district courts as a proper forum for such a motion.
The trial court made a general finding for the plaintiff on plaintiffs claim in tort and took no action on defendant’s requests for rulings; thus they are deemed denied. The requests are sufficiently comprehensive to permit use to decide whether there was error in permitting the plaintiff to recover in the district court for services performed in Probate Court under a rather novel theory. We find error.
*9 The reported evidence in the case shows that the defendant placed her now-deceased husband into plaintiffs nursing home with the promise that she would pay for the services rendered. The husband had no assets at the time as a short time earlier he had placed all he had into a trust over which the defendant had complete control. After a few months, the defendant notified plaintiff that she would no longer be responsible for charges for services to her husband and ceased making payment.
(Several months later, plaintiffs president sought to have a conservator of the property of the husband appointed. Plaintiff alleges that it was necessary to expend money for attorney’s fees in this attempt because of defendant’s tortious misrepresentation that she would pay the nursing home bill.
The probate court in conservatorship proceedings may order counsel fees or a portion of them paid out of the ward’s estate. G.L. c. 215, § 39A. Sidestepping the question as to whether a creditor or individuals representing a creditor corporation might properly petition the probate court in con-servatorship proceedings, we note that the probate court made no order in this case for counsel fees.
The general rule in civil cases is that counsel fees are not ordinarily collectible as an element of damage. Chartrand v. Riley, 354 Mass. 242, 244 (1968). An exception is provided where because of the defendant’s tortious conduct, a plaintiff must employ counsel in order to adequately protect his rights. M.F. Roach Co. v. Provincetown, 355 Mass. 731, 732 (1969). A clear example of that kind of case is malicious prosecution action where the wrongfully accused plaintiff is required to engage an attorney to defend himself in a criminal action and thus the fee paid to his lawyer is justifiably an element of damage. Wheeler v. Hanson, 161 Mass. 370, 376 (1894).
The case here is quite different. The plaintiff has not demonstrated the necessity of hiring an attorney to begin a probate court proceeding to collect money from the defendant. The allegation that she improperly caused her husband’s property to come under her control as trustee, if true, would inferably better enable her to fulfil her promise to pay.
Although the case comes to us on a report prepared by the defendant as appellant, see Burns v. Sawyer, 34 Mass. App. Dec. 67, 69 (1965) and we deem the reported facts as insufficient to support the ultimate finding favoring the plaintiff as appellee, we do not find reason to remand the report for amendment or amplification. We have carefully listened to arguments of counsel and examined the briefs and not even there can we find a set of facts outlined which would be sufficient to support an award of attorney’s fees to the plaintiff.
Finding for the plaintiff is vacated and judgment is to enter for the defendant.