Dolan, J.
Following the disallowance of the plaintiffs draft report in the trial court, the plaintiff petitioned this division to establish a report. The draft report fails on several counts to meet the standards of content established in Dist./Mun. Cts. R. Civ. P., Rule 64(c) (2). The petition is hereby denied.
Apparently, the plaintiff alleges that the defendant owes “no fault” benefits as a result of an automobile accident. The draft report is, however, seriously deficient in both style and content. In Deacy v. First National Bank of Boston, Exec., 49 Mass. App. Dec. 52, 54-55 (1972), the Court ruled: “A draft report may be dismissed for failure to comply with any of the applicable procedural rules.” The failure to comply with even one of the rules of court “is fatal to the right to prosecute an appeal.” The plaintiffs draft report deviates from Dist./Mun. Cts. R. Civ. P., Rule 64(c) (2) in the following ways, any one of which is sufficient grounds for dismissal.
1. Rule 64 (c) (2) requires a statement in “clear and concise terms” of “the state of the case at which and the manner in which the same arose.” The draft report makes no mention of any contract between the plaintiff and the defendant, and it is leftfor the reader to assume that the defendant is, in fact, the plaintiffs insurance company. No mention of any insurance policy, or the status thereof at the time of any claim, is made in the draft report.
2. Rule 64 (c) (2) requires the draft report to contain the written decision or findings of the trial judge. The plaintiff has failed to include this item, leaving the reader guessing as to the nature of the trial court’s proceedings. All that can be safely inferred is that the plaintiff is unsatisfied with the outcome in the trial court, whatever that outcome may have been.
3. Rule 64 (c) (2) requires that the draft report provide “any other facts essential to a full understanding of the questions presented.” The “evidence” section of the draft report presents a one-sided view of the case, despite the plaintiffs explicit statement that the report contains “all evidence material to the question.” Rather than providing “all material evidence”, as required by Burns v. Sawyer, 34 Mass. App. Dec. 67, 69 (1966), the plaintiff has failed to mention that the defendant obtained medical testimony which contradicts what seems to be one of the plaintiffs central claims. Omission of any reference to the testimony of Dr. Allan R. Steingisser constitutes a severe transgression of Rule 64(c) (2); Photiou v. Del Sordo, 1982 Mass. App. Div. 251; Meyer v. Hooker, 51 Mass. App. Dec. 142, 146-147 (1973).
A failure to abide by any one of the District/Municipal Courts Rules of Civil Procedure is ground for dismissing the draft report, and the plaintiffs draft report violates at least three provisions of Rule 64(c) (2). In addition, the appellant must sustain the burden of demonstrating prejudicial error in the trial court’s ruling. The incomplete nature of the case record presented in the draft report leaves this division unable to determine whether or not any prejudicial error was committed. The plaintiff has failed to convincingly show error; Blackstone Nursing Home,Inc. v. P. & H. Leasing *193 Co., Inc., 48 Mass. App. Dec. 58, 64 (1972).
Petition denied.